### In re CHICAGO, R. I. & P. RY. CO.
### CHESTON et al. v. COLNON et al.

## METROPOLITAN LIFE INS. CO. et al. v. SAME.

### Nos. 9247, 9270–9272.

Circuit Court of Appeals, Seventh Circuit.
Feb. 21, 1947.

Rehearing Denied April 7, 1947.

In No. 9247:

Edward W. Bourne and Jesse E. Waid, both of New York City, Frank H. Towner, of Chicago, Ill., Alexander & Green, of New York City, Winston, Strawn & Shaw, of Chicago, Ill., and White & Case, of New York City, for appellants.

Aaron Colnon and Michael Gesas, both of Chicago, Ill., Harry Kirshbaum and John Gerdes, both of New York City, and Henry F. Tenney, Lon N. McIntosh, and Gann, Secord, Stead & McIntosh, all of Chicago, Ill., for appellees.

In No. 9270:

Wilkie Bushby, of New York City, for appellants.

No appearance for appellees.

In No. 9271:

Edward K. Hanlon and Vincent O'Brien, of Chicago, Ill., for appellants.

In No. 9272:

No appearance for appellants or appellees.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

These appeals involve another phase of the plan of reorganization of The Chicago, Rock Island & Pacific Railway Company, mentioned in our opinion in 7 Cir., 160 F. 2d 942. After the entry of the order refusing to confirm the plan, upon the petition of co-trustee Aaron Colnon, the court, on November 22, 1946, entered an order which in substance approved a new plan for the partial reorganization of the debtor and authorized the initial steps toward the consummation of the new plan. These steps were to ascertain the views of creditors regarding (1) reduction in the interest rate on certain oustanding securities, (2) reduction of the outstanding debt by the use of the debtor's excess cash, and (3) claimed simplification of the capital structure by elimination of one issue of outstanding securities.

These appeals were argued on the same day as the appeals in 160 F.2d 942. At the oral argument it was conceded by all the parties that if the order relating to the confirmation of the approved plan be reversed and that plan be ordered confirmed, a reversal of the order involved in these appeals. must follow. Since we have reached the conclusion that the order of the District Court must be reversed and set aside, the order of November 22, 1946, is likewise vacated. It is so ordered.